**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| BERYL N. JONES, ET AL. | CIVIL ACTION NO. 65-11055 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| CADDO PARISH SCHOOL BOARD, ET AL. | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM RULING

After sixty-one years, this desegregation litigation reached its end. That end came about without judicial involvement and without ceremony because the only parties still appearing in this case, the United States of America ("United States") and the Caddo Parish School Board ("School Board"), signed and filed a joint stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). At that moment, the case concluded. Angela Wells ("Wells") and the Louisiana State Conference of the NAACP ("NAACP") have tried to stop that stipulation from taking effect. Wells and the NAACP (collectively, "Movants") asked this Court to strike the stipulation of dismissal and grant their previously pending motion to intervene. But that stipulation of dismissal ended the case when it was filed, depriving this Court of jurisdiction and leaving it with "nothing left to adjudicate." *Smith v. Sch. Bd. of Concordia Par.*, 181 F.4th 629, 636 (5th Cir. 2026). Therefore, the motion to strike the stipulation of dismissal, Record Document 30, is **DENIED**.

## Background

This lawsuit began in 1965 when seven Black children and their parents sued the School Board to desegregate Caddo Parish's public schools.[1] The United States intervened as a plaintiff that same year. The original, private plaintiffs have not appeared since August of 1974.

On June 3, 1980, after a status conference the day before where only the United States and the School Board appeared, this Court entered a minute entry that stated counsel for the original plaintiffs should notify the Court within thirty days if they "still have a viable interest in the case." *Jones v. Caddo Par. Sch. Bd.*, 704 F.2d 206, 213-14. The minute entry also made clear: "[i]f the plaintiffs' counsel does not respond, this court will consider that the plaintiffs acquiesce in having their interests represented by the United States as plaintiff-intervenor." *Id.* None responded.

Since the expiration of that thirty-day deadline, this Court and the United States Court of Appeals for the Fifth Circuit have treated the lawsuit as one between two parties: the United States and the School Board. *Jones*, 704 F.2d at 212. The Fifth Circuit held that this "district court correctly viewed this action as one involving only two parties, and not as a class action, after July 3, 1980." *Id.* The Fifth Circuit explained that before this Court set the thirty-day deadline: "[T]he only plaintiff who had actively participated over the previous two and one-half years was the United

---

[1] The storied history of this case has been retold many times, so only direct quotations have a pinpoint citation. *E.g.*, *Jones v. Caddo Par. Sch. Bd.*, 499 F.2d 914 (5th Cir. 1974); *Jones v. Caddo Par. Sch. Bd.*, 704 F.2d 206 (5th Cir. 1983); *Jones v. Caddo Par. Sch. Bd.*, 735 F. 2d 923 (5th Cir. 1984); *Jones v. Caddo Par. Sch. Bd.*, No. 89-4405 (5th Cir. Mar. 29, 1990); *see also Cavalier ex rel. Cavalier v. Caddo Par. Sch. Bd.*, 403 F.3d 246, 251-253 (5th Cir. 2005). Unless cited otherwise, all facts in this opinion come from one of these predecessors.

States." *Id.* at 213. Because no plaintiff other than the United States had participated or appeared, the Fifth Circuit reasoned that "the record strongly supports the district court's determination that the plaintiffs had lost interest in pursuing this litigation, and that they had no objection to the United States, as plaintiff-intervenor, seeking further desegregation of the parish schools." *Id.* at 214.

Although this Court did not enter a formal order of dismissal, the Fifth Circuit reasoned that expiration of the deadline set in the June 3, 1980 minute entry functioned as a dismissal of all plaintiffs other than the United States. *See Jones*, 704 F.2d at 214 ("The failure of the plaintiffs and their counsel to affirmatively assert an interest in this action within the prescribed time period, combined with the uncertainty surrounding the 'class' aspect of the suit over the preceding six years and the lack of any class certification, warranted the district court's dismissal of the claims of the class for failure to prosecute."). So, for the last forty-six years, the United States has been the only plaintiff.

On May 7, 1981, the Court entered a Consent Decree between the United States and the School Board. That Consent Decree had been negotiated by two parties and signed by two parties—the United States and the School Board. *Jones*, 704 F.2d at 214 ("[T]he settlement negotiations and the resulting consent decree were the efforts of two parties, the School Board on one side and the United States…on the other."). The Consent Decree set forth provisions for the desegregation of Caddo Parish's public schools. Record Document 1-2 at 9 ("It is the determination of this Court…that the plan for the [School Board] embodied in this Decree is reasonable

and appropriate for the additional desegregation of the [public schools], and upon its successful implementation will in fact and in law create a unitary school system for Caddo Parish."). The Consent Decree also included a procedure for declaring the school system unitary and dismissing the case:

> At any time after the 1983-84 school year, the [School Board] may file a Notice of Compliance with the terms and conditions of this Decree. If the United States agrees that the Board is in full compliance with the terms and conditions of this Decree, the United States shall join in the Notice and shall state that it supports an order declaring the [school] system to be unitary and dismissing the case.

Record Document 1-2 at 39.

In 1987, the School Board filed a notice of compliance and asked this Court to rule that the school system had achieved unitary status. The United States objected. Following negotiations between the United States and the School Board, they filed a joint motion seeking an order to affirm their agreement.

On April 4, 1990, this Court entered an order that held that the School Board had complied with and fully implemented the Consent Decree except for three provisions. The School Board had not fully implemented obligations related to (1) assigning principals to schools under Part I, Section F, entitled "Faculty and Staff"; (2) establishing enhancement programs at remaining one-race schools under Part II, Section E, entitled "Remaining One-Race Schools"; and (3) encouraging majority to minority transfer of students under Part II, Section F, entitled "Majority to Minority Transfers." The April 4, 1990 order also permitted either party to "apply to the court

to reschedule the hearing to present evidence with respect to the merits of these [remaining obligations.]" Record Document 8-2 at 3.

This litigation then sat dormant for more than two decades until March 2, 2026, when the School Board filed a motion to "reschedule the hearing" and declare its school system unitary. Record Document 8. In response, the United States stated that it "has no opposition" to the School Board's request and "considers Caddo Parish School Board to have complied with the 1981 Consent Decree and eliminated the vestiges of the past *de jure* segregation to the extent practicable." Record Document 12. Within days of the motion to reschedule the hearing, Movants sought to intervene for themselves and on behalf of a class of schoolchildren and their parents. Record Document 13. The undersigned set the motion to intervene for hearing and ordered additional briefing. Record Document 25.

While the motion to intervene remained pending, the Fifth Circuit decided *Smith v. School Board of Concordia Parish*, 181 F.4th 629 (5th Cir. 2026). *Smith* held that, even in a desegregation case, a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) ends a case and dismisses the action without a court order. *Id.* at 636.

A few days after the *Smith* decision, the United States and the School Board filed a "Joint Stipulation to Dismiss Case with Prejudice." Record Document 29. The stipulation was signed by both parties, stated that the "parties in this case agree that the Caddo Parish School District has achieved unitary status," and dismissed their

lawsuit "with prejudice in its entirety." *Id.* In response, Movants filed the pending motion to strike the joint stipulation of dismissal. Record Document 30.

**Analysis**

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) empowers parties to end a case without judicial intervention. *Smith*, 181 F.4th at 633. That rule states: "the plaintiff may dismiss an action without a court order by filing…a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). A stipulation of dismissal is "effective immediately" and "[n]o court order is needed because the stipulation itself does the dismissing." *Smith*, 181 F.4th at 633, 635.

The United States and the School Board used the mechanism of Rule 41(a) to end their lawsuit. The parties filed a joint stipulation of dismissal, signed that stipulation, and even specified that the dismissal was with prejudice. Record Document 29; *see also* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice."). Even though that stipulation dismissed "the action without a court order," *Smith*, 181 F.4th at 629, Movants have asked that the joint stipulation be stricken. Record Document 30.

Movants argue that the stipulation is procedurally deficient for two reasons. They first contend that the stipulation should have included the signatures of all plaintiffs who have ever appeared in this lawsuit, even those that have been absent for half a century. *See* Record Document 30 at 2. Movants also claim that the United States and the School Board should have obtained their signatures because

"equitable principles" dictate that they should be "treated as a de facto party[.]" Record Document 30-1 at 7. Neither argument has merit.

First, the stipulation is not procedurally deficient because the only parties still appearing, the United States and the School Board, both signed it. *See* Record Document 29 at 3. More than forty years ago, Judge Tom Stagg warned the private plaintiffs that he would "consider that the plaintiffs acquiesce in having their interests represented by the United States as plaintiff-intervenor" if they did not provide notice otherwise. *Jones*, 704 F.2d at 213-14. Since then, this Court and the Fifth Circuit have treated the lawsuit as "one involving only two parties[.]" *Id.* at 212. Even the Movants acknowledge that the private plaintiffs were functionally dismissed forty years ago. Record Document 37 at 5 ("When the Court dismissed the private plaintiffs from this litigation….").

The Consent Decree, which the Movants hope to continue, also supports that the United States and the School Board are the only parties still in this lawsuit. The Fifth Circuit explained forty-three years ago that "the settlement negotiations and the resulting consent decree were the efforts of two parties, the School Board on one side and the United States…on the other." *Jones*, 704 F.2d at 214. Because only two parties have appeared in this lawsuit for nearly fifty years, the stipulation of dismissal required no other signatures. *See, e.g.*, *Smith*, 181 F.4th at 633 (noting that "the *remaining* parties…jointly stipulated to dismissal with prejudice[.]) (emphasis added).

Second, equitable principles cannot provide a backdoor for refusing to honor the stipulation of dismissal. Movants have said that as proposed intervenors they should be treated as a de facto party whose signature was required on the stipulation based on "equitable principles." Record Document 30-1 at 7. The Fifth Circuit has foreclosed such "public interest" inquiries when dealing with a stipulation of dismissal, even if the case involves "grave constitutional interests" like the desegregation of public schools. *Smith*, 181 F.4th at 363.

*Smith v. School Board of Concordia Parish*, 181 F.4th 629 (5th Cir. 2026) involved, much like this case, a decades-old desegregation litigation. The United States and Concordia Parish School Board filed a joint stipulation of dismissal but the district court "refused to honor" the stipulation and ordered an evidentiary hearing instead. *Id.* at 633. The district court found that the parties must have "reached sufficient *Green* factor compliance to warrant a declaration of unitary status and dismissal." *Id.* The district court required an evidentiary hearing before dismissing the lawsuit for "the protection of others and/or judicial or public policies." *Id.* at 636.

The Fifth Circuit rejected that approach, explaining that it "did not doubt the good faith behind that [public interest] concern. School desegregation decrees involve grave constitutional interests and often long institutional histories.... [But Rule 41] does not authorize a district court, in a case with no certified class and no remaining private plaintiffs, to override a signed stipulation by all remaining parties because the court believes a further public-interest inquiry would be prudent." *Id.* at 636.

*Smith* controls here, and the Movant's arguments based on concerns of equity and public interest fail.

In the alternative, the Movants also argue that, regardless of the stipulation, dismissal is not appropriate because jurisdiction still exists to consider their motion to intervene. Record Document 30-1 at 2. Movants rely on a series of Fifth Circuit decisions for the general proposition that "intervention can be permitted even after dismissal of [a] case." *Id.* (citing *DeOtte v. State*, 20 F.4th 1055, 1066 (5th Cir. 2021)). Once again, though, *Smith* deprives them of relief.

*Smith* explained that a Rule 41(a)(A)(1)(ii) stipulation "renders subsequent action by the district court superfluous with no force or effect. Put another way, the stipulation automatically strips the district court of subject-matter jurisdiction." *Smith*, 181 F.4th at 635 (cleaned up). The Fifth Circuit concluded: "The district court wanted a clean ending to a case of uncommon age and consequence. But federal jurisdiction is not preserved by institutional memory, remedial caution, or the understandable desire for one more hearing. Once the remaining parties filed their Rule 41(a)(1)(A)(ii) stipulation, the case ended. From that point forward, the district court had nothing left to adjudicate." *Id.* So too here. The explicit language of *Smith* communicates that when the United States and the School Board filed their stipulation of dismissal it deprived this Court of jurisdiction to act further. This Court cannot "refuse to honor," the joint stipulation by refusing to dismiss this case, even for "one more hearing" on the Movant's motion to intervene.

The parties chose to end this desegregation action by signing and filing a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). When the case ended, this Court's jurisdiction to consider the pending motion to intervene went with it. But Wells and the NAACP still have options. They may file their own lawsuit, as seven Black children and their parents did sixty-one years ago, to address any constitutional claims they might have against the School Board.

## Conclusion

Based on the foregoing analysis, **IT IS ORDERED** that the Motion to Strike Stipulation of Dismissal and Grant Movants' Pending Motion to Intervene, Record Document 30, is **DENIED**. An order consistent with this opinion will be issued forthwith.

**DONE AND SIGNED** at Shreveport, Louisiana, this 14th day of September, 2026.

Alex C. Van Hook

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE